UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>             Plaintiff,<br><br>   v.<br><br>J. AGONONE, *et al.*,<br><br>             Defendants. | Case No.  2:22-cv-01845-JDP (PC)<br><br>ORDER DIRECTING THE CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS CASE<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>ECF No. 2 |

Plaintiff Cymeyon Hill is a civil detainee proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  In his complaint, he alleges that defendants Agonone, Scotland, Roman, Lomeli, Lavina, Newton, Villalobos, and Capossele violated his First and Fourteenth Amendment rights.  ECF No. 1.  Alongside his complaint, he filed an application to proceed *in forma pauperis*, attesting that he is not employed, he has not received any money in the last twelve months, and that he has no money or assets.  ECF No. 2 at 1-2.  A subsequently filed trust account statement showed plaintiff's balance to be $4,656.  ECF No. 4.  After reviewing plaintiff's application to proceed *in forma pauperis* and his trust fund statement, I ordered plaintiff to show cause and to explain why he should be allowed to proceed *in forma pauperis*.  ECF No. 7.  In response, plaintiff neither provided information about his finances nor

1

stated that he is unable to pay the filing fee and other court costs; instead, he claimed that he did not accept the court's offer to contract for subject matter jurisdiction. ECF No. 8.

In reviewing an application to proceed *in forma pauperis* for a civil detainee, the court looks to whether the plaintiff has submitted an affidavit that shows he "is unable to pay [the filing fee] or give security therefore." 28 U.S.C. § 1915(a)(1). A court may deny an application to proceed *in forma pauperis* if "the allegation of poverty is untrue." *Id.* § 1915(e)(2)(A); *see Hill v. Torres*, No. 2:22-cv-00970-KJM-EFB (PC), 2022 WL 3579698, at *1 (E.D. Cal. Aug. 19, 2022) (denying plaintiff civil detainee's application to proceed *in forma pauperis* because his trust account balance of $3,818.37 contradicted his allegations of poverty). Here, plaintiff's attestation that he cannot pay the filing fee is contradicted by his trust fund statement, which shows a balance of $4,656 at the time of filing.

More fundamentally, an application to proceed *in forma pauperis* is sufficient when it shows "that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). In determining whether a plaintiff meets the poverty threshold to qualify for *in forma pauperis* status, courts generally distinguish between "prisoners, [who] have limited overhead," and non-incarcerated plaintiffs "who must pay for the roof over [their] head[s] and the food on [their] table[s] or go without shelter and sustenance." *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015). Plaintiff is a civil detainee and, as such, his basic necessities—like shelter, food, and medical care—are provided for him by the state. Thus, his situation is akin to that of a prisoner, and his possession of even modest assets may preclude *in forma pauperis* status. *See Hill v. Martini*, No. 2:22-cv-01603-KJM-AC (P), 2022 WL 17488310, at *2 (E.D. Cal. Dec. 7, 2022) ("For a civil detainee like plaintiff, who also has 'limited overhead' by reason of his civil detention, the *Escobedo* decision might suggest a different calculation [from a non-incarcerated plaintiff]."). As noted above, plaintiff had more than sufficient funds to cover the filing fee. ECF Nos. 2 & 4. Accordingly, I recommend that plaintiff's application to proceed *in forma pauperis* be denied.

Accordingly, it is hereby ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be denied.

2. Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     February 21, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3